IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles W. Gibson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-19-08032-PHX-DLR(MTM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michel T. Morrissey (Doc. 24) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Amended Petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 24 at 7-8.) Petitioner filed objections to the R&R on May 11, 2020, (Doc. 25), and Respondents filed their response on June 29, 2020.[1] (Doc. 27.)

---

[1] Petitioner thereafter filed a motion requesting that Respondents' response be denied as untimely. (Doc. 28.) Respondents filed a response pursuant to the Court's direction and within the timeframe allotted by the Court. (Doc. 26.) Petitioner's motion is therefore denied.

The Court has considered Petitioner's objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court finds that the magistrate judge correctly determined that Grounds One through Twelve of Petitioner's habeas claims were not exhausted in state court and were therefore procedurally defaulted. The Court further finds that Ground Thirteen was also procedurally defaulted, but the magistrate judge—giving the Petitioner the benefit of the doubt on the procedural default issue—correctly found that Ground Thirteen is a non-cognizable federal claim.

When the state trial court denied Petitioner's motion for rehearing of the denial of his petition for Post-Conviction Relief ("PCR") on January 16, 2018, state law gave him thirty days—until February 15, 2018—to file his petition for review with the appellate court. However, Petitioner did not file his petition for review until March 8, 2018. His petition for review was therefore dismissed as untimely by Arizona Court of Appeals. The magistrate judge, citing *Dretke v. Haley*, 541 U.S. 386, 392 (2004), correctly found that, because Petitioner's claims were dismissed on independent procedural grounds by the Arizona Court of Appeals, they are not eligible for federal habeas review and are procedurally defaulted. The magistrate judge also correctly found that Petitioner has not established cause for his procedural default.

Petitioner objects that the R&R is factually incorrect because he filed a petition for review with the Arizona Court of Appeals on February 14, 2018, along with a motion for a thirty-day extension. Petitioner argues that it was reasonable for him to assume that, because he never received either an acknowledgment of receipt or a denial of the request for extension from the Court of Appeals, the motion for extension was granted. Based on that assumption, Petitioner filed "a more detailed and thorough petition for review on March 7, 2018." (Doc. 25 at 3.) The Court of Appeals then denied this more detailed petition for review as untimely without acknowledging the first petition. *Id*.

The Court is without authority to disturb the state court determination of untimeliness, absent a demonstration of cause and prejudice for the procedural default.

*Dretke*, 541 U.S. at 392–93 (internal citations omitted) ("[F]ederal courts will not disturb state court judgments based on adequate and independent state law procedural grounds. But, while an adequate and independent state procedural disposition strips this Court of certiorari jurisdiction to review a state court's judgment, it provides only a strong prudential reason, grounded in 'considerations of comity and concerns for the orderly administration of criminal justice,' not to pass upon a defaulted constitutional claim presented for federal habeas review."). Petitioner's assumption that his extension request to the Arizona Court of Appeals had been granted because he never received a ruling denying the request does not amount to "cause" for the default. Even if it did, Petitioner has not even attempted to show prejudice; he has not established that a fundamental miscarriage of justice[2] occurred or that the Arizona Court of Appeals' alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 488-89 (1982) (emphasis in original). Accordingly,

**IT IS ORDERED** that Petitioner's objections to the R&R (Doc. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Doc.24) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to deny Respondents' response (Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar, jurists of reason would not find the procedural ruling debatable and Petitioner has not made a substantial showing of the denial of a constitutional right.

---

[2] Notably, "the miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F. 3d 933, 937 (9th Cir. 2008) (citation omitted). Petitioner has not alleged actual innocence.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and terminate this action.

Dated this 30th day of July, 2020.

Douglas L. Rayes
United States District Judge